UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA D. SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-00770-TWP-DML |
| | ) |
| SUPERINTENDENT New Castle Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**Entry and Order Dismissing Action**

In a prison disciplinary proceeding identified as No. REF 14-08-0023, Joshua D. Smith was found guilty of violating prison rules and was sanctioned. That determination has since been vacated and a new hearing will be conducted. The respondent argues that this action is now moot and must be dismissed. Smith has opposed the motion to dismiss. For the reasons discussed below, the Court must **GRANT** the respondents' Motion [dkt. 11].

**Discussion**

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (*quoting Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted).

In this case, the disciplinary proceedings associated with REF 14-08-0023 were vacated and the case was remanded to the facility for a rehearing. In addition, the sanctions from the original proceeding have been vacated and Smith's release date recalculated. These developments render the action moot.[1]

Smith raises three issues in his response in opposition to the motion to dismiss. First, Smith argues that dismissal of this action is not appropriate because the issues raised in this case are likely to reoccur at the facility during the rehearing of his disciplinary charges. Smith is mistaken and this argument is based on pure speculation. Any errors in the new proceeding will not be identical to any errors in the previous proceeding, and any errors in the new proceeding will be subject to review. *See Eichwedel v. Curry*, 700 F.3d 275, 280–81 (7th Cir. 2012).

Second, Smith argues that the rehearing is an attempt to circumvent the judicial process because he anticipates being out of prison before he could refile any habeas petition based on the sanctions imposed on rehearing. If on rehearing Smith is found to be guilty and loses good-time credit or is demoted in credit class, he can bring a petition for habeas corpus to challenge those new proceedings, even if he has already been released by that point, if success could affect the duration of his parole. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001) (holding that case was not moot because if the disciplinary process were deemed defective, a federal court could order that the petitioner's parole terminate on the date it would have expired but for the defective proceeding).

---

[1] Smith notes that at the time he filed his response in opposition to the motion to dismiss the conviction and sanctions associated with REF 14-08-0023 had not yet been vacated. The record now reflects that the conviction and grievous sanctions associated with REF 14-08-0023 have been vacated.

Third, Smith argues that he had been participating in three programs which allowed good credit time to be awarded upon completion. He argues that as a result of his disciplinary conviction he was removed from these programs and transferred from the facility. He worries that at rehearing he could be found guilty and again removed from his programming. Unfortunately, for Smith his removal from programming and transfer to another prison did not result in the imposition of "custody" as required by the federal habeas statute, 28 U.S.C. § 2254(a). He cannot now, and never could, obtain relief in this action for these non-custodial sanctions. *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008). These circumstances simply cannot be challenged in an action for habeas corpus relief. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("The loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [the petitioner's] custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests."); *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001) (when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all"). Accordingly, those sanctions do not prevent the action from being moot, and an action which is moot must be dismissed for lack of jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1012 (1998).

## Conclusion

Because there is no sanction affecting the fact or duration of confinement in this case, the petition must be dismissed as moot.

The respondent's motion to dismiss [dkt. 11] is **GRANTED**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/22/2015                    _____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSHUA D. SMITH
140697
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel